UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JERITON LAVAR CURRY,

    Petitioner,

v.                                       Case No.:  5:24-cv-113-SPC-PRL

WARDEN CARLTON,

    Respondent.
_____/

## OPINION AND ORDER

Petitioner Jeriton Lavar Curry is a federal inmate proceeding on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). He challenges the validity of his 2017 conviction and sentence in the United States District Court for the Western District of North Carolina for one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. *See United States v. Curry*, Case No. 3:16-cr-74-MOC-SCR (W.D.N.C.). In the present petition, Petitioner raises three grounds: (1) his sentence is improperly enhanced; (2) his six-level enhancement pursuant to U.S.S.G. § 2B3.1(b) should be vacated; and (3) his career offender enhancement pursuant to U.S.S.G. § 4B1.1 should be vacated. (Doc. 1). Petitioner's sentence was affirmed on direct appeal. *See United States v. Curry*, 744 F. App'x 784, 787 (4th Cir. 2018). Petitioner's motion under 28 U.S.C. § 2255 was dismissed in part and

denied in part. *See Curry v. United States*, No. 3:16-cr-74-MOC-DSC-2, 2019 WL 6833892 (W.D.N.C. Dec. 13, 2019); *see also United States v. Curry*, 852 F. App'x 110 (4th Cir. 2021) (denying certificate of appealability and dismissing appeal of § 2255 motion).

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "saving clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). *See also Jones v. Hendrix*, 599 U.S. 465, 470 (2023) (holding that § 2255(e) does not allow a prisoner asserting an intervening change in interpretation of a criminal statute to circumvent the Antiterrorism and Effective Death Penalty Act of 1996's restrictions on second or successive § 2255 motions by filing a § 2241 habeas petition).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079.

> [The Eleventh Circuit] gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his

2

> sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Rule 12(h)(3) of the Federal Rules of Civil Procedure is also relevant. It provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 Proceedings.

In the present case, the Court does not have subject matter jurisdiction over Petitioner's claims because he is not entitled to pursue relief under § 2241. Petitioner challenges the validity of his sentence, not the execution of his sentence, and therefore he cannot avail himself of the saving clause of § 2255(e). Petitioner serves just one sentence, and his sentencing court—the Western District of North Carolina—remains available. *See* 28 U.S.C. § 113; *see also Curry v. United States*, No. 3:22-cv-180-MOC, Doc. 10 (W.D.N.C. Sept. 1, 2022) (rejecting Petitioner's attempt to challenge his sentence through the saving clause). The Court thus dismisses this case for lack of jurisdiction. *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255

3

Proceedings (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief).

Accordingly, it is now

**ORDERED:**

1. Jeriton Lavar Curry's Petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to enter judgment dismissing this case, deny as moot any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 19, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record